ORDER
SAYRE, JUDGE:
An application of the claimant, Johnny Burl Underwood, for an award under the West Virginia Crime Victims Compensation Act, was filed June 9, 2005. The report of the Claim Investigator, filed November23,2005, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on September 11, 2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed September 27, 2006. This matter came for hearing April 24, 2008, claimant appearing pro se and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
On May 11,2005, the 43-year-old claimant was the victim of a battery in Mount Hope, Raleigh County. Claimant’s wife, Brenda Underwood, his stepson, Matthew Pugh, and his stepdaughter, Emily Brogan, started a verbal altercation outside his residence. When the claimant attempted to leave his residence, he realized that the offenders had blocked the road with their truck and van. The claimant’s vehicle accidentally struck the truck as it started to back up in the claimant’s direction. The claimant then got out of his vehicle, and two unidentified black men grabbed him and beat him to the ground. Matthew Pugh, one of the offenders, kicked him in the ribs and stated, “This is for my mama.” Claimant could hear the voices of Brenda Underwood and Emily Brogan in the background. The offenders then left the scene. The claimant was able to drive to his home after the incident. The claimant testified that he did not contact the police after the *341 battery. He stated that the offenders attacked him to get revenge because he had a girlfriend while he was separated from his wife.
On May 12, 2005, the claimant’s son and daughter discovered that their father had been injured. They took him to Beckley Appalachian Regional Hospital where he was treated for injuries to his eye, nose, mouth, and neck. The claimant sustained broken bones to his face which were later corrected with surgery. While at the hospital, the claimant did not disclose the identity of the known offenders to the emergency room staff or to Deputy Sheriff Bircham who was investigating the battery. The claimant stated that he had not seen any of the individuals before and could not identify them. In addition, he did not contact the prosecuting attorney’s office regarding the incident. Thus, no prosecution took place against the known offenders.
At the hearing, the claimant attempted to explain his failure to cooperate with the police at the hospital. Mr. Underwood testified that he was confused after the battery and thought that he would handle the matter himself. On May 14,2005, the claimant’s sister, Kathy Meadows helped him write a statement to the police which stated, “Johnny Underwood was sorry for not telling the deputy what really happened on Thursday, May 12, 2005.” The statement revealed that the claimant’s wife, Brenda Underwood, his stepson Matthew Pugh, and his stepdaughter Emily Brogan were involved in this incident. He did not know the identity of the two black men who were also involved. The claimant testified at the hearing that he did not initially disclose that his wife, stepson, and stepdaughter were involved because he was in fear for his children and grandson.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant failed to cooperate with law enforcement officials. W.Va. Code §14-2A-14(d) provides: “A judge ... upon a finding that the claimant or victim has not fully cooperated with appropriate law-enforcement agencies... may deny a claim, reduce an award of compensation, or reconsider a claim already approved.” The Claim Investigator’s original finding was that the claimant failed to cooperate with law-enforcement officials. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he did in fact cooperate with law-enforcement officials in the prosecution of the offenders. The Court finds that the claimant failed to prove that he fully cooperated with law-enforcement officials. The claimant’s initial statements to Deputy Bircham and the hospital staff indicated that he did not know any of his assailants. These statements, which he later revealed were untrue, hindered the prosecution of the offenders.
The Court is constrained by the evidence to stand by its previous ruling; therefore, the claim must be, and is hereby, denied.